UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BRANDON C. JOHNSON,
Plaintiff,

United States Courts
Southern District of Texas
FILED

MAY 28 2026

Nathan Ochsner, Clerk of Court

v. Civil Action No: __________

OLD DOMINION FREIGHT LINE, INC.,
Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. This is an action for employment discrimination, harassment, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended.

2. Plaintiff Brandon C. Johnson ("Plaintiff") seeks damages and equitable relief arising from Defendant's unlawful employment practices.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5.

4. Venue is proper in this District because the unlawful employment practices occurred in Houston, Texas.

## III. PARTIES

5. Plaintiff is an individual residing in Harris County, Texas.

6. Defendant Old Dominion Freight Line, Inc. is an employer doing business in Texas and may be served through its registered agent.

7. At all relevant times, Defendant employed 15 or more employees.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

9. The EEOC issued a Notice of Right to Sue, which Plaintiff received on or about March 6, 2026.

10. This lawsuit is filed within 90 days of receipt of the Right to Sue notice.

## V. FACTUAL ALLEGATIONS

11. Plaintiff began employment with Defendant on or about February 2019 as an Operations Supervisor.

12. Plaintiff performed his job duties satisfactorily and met Defendant's legitimate expectations.

13. During his employment, Plaintiff was subjected to unlawful harassment, discrimination, and retaliation.

14. In or around July 2024, Plaintiff's supervisor, identified as Julias (Service Center Manager), engaged in egregious and inappropriate conduct, including physically touching Plaintiff in a sexual and aggressive manner. This included rubbing Plaintiff's shoulder, chest, and back, standing inches from Plaintiff's face, and making unwelcome physical contact.

15. This conduct was unwelcome, offensive, and created a hostile work environment.

16. Plaintiff reported the harassment to Human Resources and management, including Trey (HR), and escalated concerns to senior leadership, including Marty (CEO), Johnny (Regional VP), and corporate Human Resources.

17. Defendant failed to take prompt or effective remedial action and instead dismissed Plaintiff's complaints.

18. Following Plaintiff's protected complaints, Defendant subjected Plaintiff to materially adverse employment actions, including unwarranted disciplinary actions.

19. In or around September 2024, Plaintiff was issued a write-up for allegedly missing a weekend shift despite no clear communication that the shift was mandatory.

20. In or around October 2024, Plaintiff was issued a write-up for "failure to follow instructions" in connection with an employee discharge.

21. These disciplinary actions deviated from Defendant's progressive discipline policies and were issued without prior coaching or verbal warnings.

22. Defendant's actions were pretextual and were undertaken to create a false record to justify adverse action against Plaintiff.

23. From approximately February 20, 2024, to April 14, 2024, Plaintiff took protected medical leave for the birth of his child.

24. Upon return from leave, Plaintiff was subjected to retaliatory and hostile remarks, including statements criticizing Plaintiff for not checking in while on leave.

25. Following his return and complaints of harassment, Plaintiff was subjected to increased scrutiny, additional discipline, and continued harassment.

26. Defendant knew or should have known of the unlawful conduct and failed to take appropriate corrective action.

27. Witnesses, including Raphael, observed and corroborated the inappropriate conduct.

28. The full scope of the discriminatory, harassing, and retaliatory conduct is detailed in Exhibit B, which is incorporated herein by reference.

29. Defendant ultimately terminated Plaintiff's employment on or about February 21, 2025. The termination occurred shortly after Plaintiff's protected complaints and was the culmination of Defendant's pattern of retaliation and pretextual discipline.

30. As a direct result of Defendant's actions, Plaintiff suffered damages.

## VI. CAUSES OF ACTION

### COUNT I – SEX-BASED HARASSMENT / HOSTILE WORK ENVIRONMENT (Title VII)

31. Plaintiff incorporates all preceding paragraphs.

32. Plaintiff was subjected to unwelcome harassment based on sex.

33. The harassment was severe or pervasive enough to alter the terms and conditions of employment and create a hostile work environment.

34. Defendant knew or should have known of the harassment and failed to take prompt remedial action.

### COUNT II – DISCRIMINATION (Title VII)

35. Plaintiff incorporates all preceding paragraphs.

36. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment.

37. Defendant's actions were intentional and/or carried out with reckless disregard for Plaintiff's federally protected rights.

### COUNT III – RETALIATION AND RETALIATORY DISCHARGE (Title VII)

38. Plaintiff incorporates all preceding paragraphs.

39. Plaintiff engaged in protected activity by reporting harassment and opposing unlawful employment practices.

40. Defendant subjected Plaintiff to materially adverse actions, including unwarranted discipline, heightened scrutiny, and ultimately termination.

41. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions, including his termination.

42. Defendant's stated reasons for its actions are false and constitute pretext for unlawful retaliation.

43. Plaintiff's termination was a direct result of his protected activity.

COUNT IV – DISCRIMINATORY AND/OR RETALIATORY TERMINATION (Title VII)

44. Plaintiff incorporates all preceding paragraphs.

45. Defendant terminated Plaintiff because of his protected characteristics and/or in retaliation for engaging in protected activity.

46. The termination was unlawful and in violation of Title VII.

47. Defendant's stated reasons for termination are pretextual.

VII. DAMAGES

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered:

* Lost wages and benefits
* Emotional distress and mental anguish
* Loss of career opportunities
* Other compensatory damages

49. Defendant acted with malice or reckless indifference, entitling Plaintiff to punitive damages.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in favor of Plaintiff;
b. Award compensatory and punitive damages;
c. Award back pay and front pay;
d. Award costs and attorney's fees;
e. Grant all other relief to which Plaintiff is entitled.

IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Brandon Johnson
7419 Misty Morning Drive
Humble, Texas 77346
469-733-7556
Brandon_charles88@yahoo.com
Pro Se Plaintiff

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/05/2026

**To:** Mr. Brandon Johnson
7419 Misty Morning Dr
Humble, TX 77346

Charge No: 460-2025-02498

EEOC Representative and email: Michelle Villanueva
Federal Investigator
MICHELLE.VILLANUEVA@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2025-02498.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
03/05/2026

Rayford O. Irvin
District Director

**Cc:**

Peter Murphy
Old Dominion Freight Line, Inc.
500 Old Dominion Way
Thomasville, NC 27360

Eric Rogers Esq.
Spielberger Law Group
4890 W Kennedy Blvd STE 950
Tampa, FL 33609

Please retain this Notice for your records.

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2025-02498 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2025-02498 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

SPIELBERGER LAW GROUP

April 4, 2025

ATTORNEYS AT LAW

James Spielberger ‡†
Gabrielle Klepper ✻† ø ★✧‡ ¤
Lisa Scheibly ✻◇S
Zane Herman ✻ ∇ S ø
Eric D. Rogers ✻ ø Δ S ¤ ‡
Kateline Gardiner ✻
Samantha A. Koempel ✻
Raphael Cua ✻ ø
Diana Estrada ✻
Kylie Corbett ✻ ✢
Cristina Pulecio ✻

OFFICES

Charleston
Tampa
Chicago *
Atlanta *
Charlotte *
Raleigh *
Orlando *
Jacksonville*
Ft. Lauderdal
Austin*
Houston *
Dallas *
Arlington *
* by apt. only

ATTN: EEOC Investigator
U.S. Equal Employment Opportunity Commission
EEOC Houston District Office

**Re: Brandon Johnson v. Old Dominion Freight Line, Inc.**
**EEOC Charge: 460-2025-02498**

Dear Investigator,

This Rebuttal is submitted on behalf Brandon Johnson, the Charging Party, and is in response to the previously submitted Position Statement by Old Dominion Freight Line, Inc., the Respondent.

## I. Legal Discussion

Title VII of the Civil Rights Act of 1964 prohibits an employer from failing or refusing to hire or discharge an individual "because of such individual's race, color, religion, *sex*, or national origin."[1] (emphasis added). Initially, the charging party under Title VII of the Civil Rights Act of 1964 has the burden of establishing a prima facie case which creates a presumption or inference of discrimination in the mind of a reasonable person.[2] After this is established, the burden shifts to the responding party to provide a legitimate, non-discriminatory reason for the adverse employment action. Lastly, the burden then shifts back to the charging party to prove that this reason is pretext. In order to sufficiently fulfill this burden, the charging party must show:

> "(1) that they belong to a protected group, (2) that they are qualified for the position in which they hold (3) that they suffered an adverse employment action, and (4) that others, similarly situated but outside the protected class were treated more favorably." [3]

OF COUNSEL:
©

ONLY LICENSED IN:
† SC
‡ GA
¤ VA
✢NC
S IL
ø TX
✻ FL
★ AZ
Δ MD
✧ CO
∇ MI
◇ MA

[1] 42 U.S.C. §2000e-2(a)(1)
[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

SPIELBERGER LAW GROUP

To establish a *prima facie* claim for retaliation, a plaintiff must demonstrate: (1) he/she engaged in statutorily protected activity; (2) he/she then suffered an adverse employment action; and (3) "[his] protected activity was a but-for cause of the alleged adverse action by the employer."[4] If a plaintiff establishes each of the three elements of a prima facie case of retaliation, the burden shifts to the employer to proffer a legitimate, non-retaliatory reason for the adverse employment action. If an employer is able to do so, the burden then shifts to the plaintiff to show that the employer's provided reason is a pretext for retaliation.

## II. Respondent's Claims Are False and Without Merit

In or around July 2024, Julias (Service Center Manager) engaged in egregious and inappropriate conduct, including physically touching Charging Party in a sexual and aggressive manner. While demonstrating how employees must "pick up and clean off" others, Julias rubbed Charging Party's shoulder, chest, and back, making unwelcome contact with her body. He further invaded her personal space by standing inches from her face and bumping into her chest. This behavior made Charging Party deeply uncomfortable and created a hostile work environment.

Despite reporting the harassment to Trey (Human Resources) and escalating the matter to senior leadership, including Marty (CEO), Johnny (Regional VP), and corporate Human Resources, no meaningful action was taken. Instead, Respondent dismissed Charging Party's claims without addressing the inappropriate conduct or taking steps to protect her from further harassment.

Following Charging Party's complaint, Julias retaliated against her by issuing unwarranted disciplinary actions and undermining her role. For example, in or around September 2024, she was written up for allegedly failing to attend a weekend shift, despite no clear communication that the shift was mandatory. Similarly, in or around October 2024, she was written up for "failure to follow instructions" during an employee discharge. Both write-ups bypassed the Respondent's progressive discipline policy, which requires feedback and verbal warnings before written reprimands. These actions were a transparent attempt by

[4] *Univ. of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2533 (U.S. 2013).

SPIELBERGER LAW GROUP

Julias to create a pretext for terminating Charging Party in retaliation for reporting the harassment.

From February 20, 2024, to April 14, 2024, Charging Party took medical leave for the birth of her child. While she encountered no issues securing the leave, upon her return, she faced harassment and retaliatory remarks from her supervisor team, including Julias and Assistant Manager Shane Davis. Julias remarked, "What type of manager does not check in on his crew, even if he is on leave?" These comments were designed to undermine her right to take protected leave and to create a hostile environment upon her return.

The discriminatory and retaliatory treatment escalated following Charging Party's leave, with Julias subjecting her to heightened scrutiny, unwarranted write-ups, and physical harassment. Respondent's failure to address Julias's misconduct, despite a documented history of inappropriate behavior, exacerbated the hostile work environment for Charging Party.

Witnesses, including Raphael, corroborated Julias's inappropriate actions, yet Respondent dismissed Charging Party's claims without conducting a thorough and impartial investigation. Instead of protecting her, Respondent allowed Julias to continue harassing and retaliating against her, ultimately jeopardizing her job and mental well-being. Charging Party continues to work in such a hostile environment.

## III. Conclusion

Therefore, Charging Party has established a claim of discrimination under Title VII of the Civil Rights Act of 1964. Any other issues addressed in Respondent's position statement are either irrelevant, or redundant and unworthy of discussion. We respectfully request the EEOC enter a CAUSE finding.

Best regards,

Eric Rogers
eric.rogers@spielbergerlawgroup.com

cc: Brandon Johnson

**From:** Brandon Johnson <Brandon.Johnson@odfl.com>
**Sent:** Monday, September 16, 2024 12:19 AM
**To:** DeeDee Cox <DeeDee.Cox@odfl.com>; Chris Brooks <Chris.Brooks@odfl.com>; Johnny Stricklin <Johnny.Stricklin@odfl.com>
**Cc:** Marty Freeman <Marty.Freeman@odfl.com>; Greg Plemmons <Greg.Plemmons@odfl.com>
**Subject:** RE:

I am writing to report that I have been subjected to sexual harassment in the workplace by Julius Jenkins and retaliated against by Shane Davis after my initial reporting to HR, which is prohibited by Texas law. The harassment has created a hostile work environment at HOU, and I feel that it is important to bring this matter to your attention.

I am requesting that an immediate and thorough investigation be conducted into this matter, in accordance with Texas law. I also request that appropriate action be taken to put a stop to the harassment and prevent it from happening in the future.

As you know, Texas law prohibits retaliation against an employee who reports sexual harassment. Therefore, I request that you take all necessary steps to protect me from any retaliation or adverse action for reporting this matter.

Please keep the matter confidential to the extent possible to protect my privacy and prevent retaliation. The best way for you to understand the situation is for me to start at the beginning.

On October 02, 2019 I was hired by Old Dominion as an Operations Supervisor at the Denver location, after interviewing with now CEO of Operations Chris Kelley. I was later promoted to Operations Manager, after having a flawless performance record. On January 17, 2022, I even separated from the company for personal reasons, and because of said performance record, I was allowed to be rehired at the 104 Houston terminal, and I can recall manager JJ Jenkins remarking to me that he was "told to hire me."

From the moment that I arrived at 104, I was made aware of scandal that had occurred, involving inappropriate behavior of a sexual nature involving members of management, where 2 supervisors were terminated after a video of 2 supervisors having sex was shared on the dock. From that point on, I realized that all of the top leaders that were there during that situation were still working there, and I concluded that I just wanted to maintain my position as a supervisor and stay away from the front office as long as all of the current leadership was in office. Eventually, I was asked by Julius Jenkins to apply to the Inbound Operations Manager position at least 3 times during my first year and a half after the firing of Joe Carillo in November of 2022, again after the passing of Armando Davalos on April 23, 2023, then once more after the promotion of Daron Cathey in July Of 2023. My point being that even during my tenure as an Operations Supervisor, I maintained a flawless performance record so much so that I was offered a promotion several times. And the reason I kept declining was because I noticed the character of Julius Jenkins and Shane Davis in terms of how

situations like the sex scandal were handled and still talked about in an inappropriate manner. Eventually, I decided to accept the position, after Daron Cathey suggested to me that I go ahead and accept the offer once he leaves to his new position as Service Center Manager of the South Houston Terminal (SHO). Even during that conversation, Daron let me know that there was a tone of resentment coming from JJ Jenkins, after multiple attempts to give me the job, remarking that it seems "awfully personal" the way that he speaks about me in meetings regarding the subject.

Soon after, I regretted the decision after seeing the way JJ spoke about certain situations in an inappropriate manner, the way he seemed to harbor personal vendettas towards certain employees and use forms of intimidation in his management style. This includes hiring practices only allowing the hiring of people he knows personally or family with someone that works here and EPR's that I issue being denied by JJ Jenkins. On October 27, 2023, when Manager JJ Jenkins was speaking to me about the potential hiring of his first Assistant Service Center Manager, and when speaking about a potential candidate, he remarked that this person was very stern in his approach to management and made the comment that "I'm pretty sure he has a big dick," which left me feeling extremely uneasy moving forward. After eventually making his selection of Shane Davis to Assistant Service Center Manager, I even witnessed JJ Jenkins berate and disrespect Shane openly. For example, walking into the office and telling Shane "Come on boy" to do their dock walk, or even calling Shane a bitch to his face before a Wednesday manager meeting.

There was another incident where JJ Jenkins and Rafael Delestre were in my office, and JJ took my hand in speaking about pulling employees along, to demonstrate but this was very inappropriate which felt extremely uncomfortable and sexual in nature.

In late January of 2024, I began to be interviewed by Regional HR Manager Tamika McCarty regarding an investigation involving former supervisor Benjamin Guillory and manager JJ Jenkins. I'm on record then saying that interactions between the two individuals seemed to be overly personalized, rather than work related and that my position was they would not be able to co-exist, the way that the environment had become during all of the tension between the two.

Soon after, on February 22, 2024, I went on FMLA (Paternity Leave) for the birth of my second child. I returned on April 8, 2024. Employee Benjamin Guillory (who was the subject of the investigation mentioned earlier) had been terminated the next day on April 9, 2024. I feel this is necessary to mention only because I had zero knowledge of the situation leading to Ben's termination, and once it happened, I was ready to proceed further with my job. But even after his termination, manager JJ Jenkins continued to harbor personal feelings towards the situation, continued to mention the employee in a negative manner, and even accused me of having a personal relationship with Ben after hearing that "we were tight" through gossip with another supervisor. Immediately following my return, several comments had been made by JJ that I "don't move the same, and since returning

there's been ongoing deliberate things to antagonize me daily, with body language, attitude, emails, and further employee gossip.

On July 26, 2024 at 9:43am, JJ Jenkins felt the need to recall the firing of Benjamin, and re-enacted the walking out of Ben which he seemed proud of. In doing so, JJ physically put his hands on me inappropriately multiple times, shoving me with his chest, in a deliberate gesture to imply that he is the big boss, and the same thing could happen to me, which was emotionally demeaning which was all captured on video surveillance.

On August 27, 2024 I reported this and I was contacted by Senior Regional. HRD Manager, Jerry McGlown, for a follow-up interview to my complaint. During our conversation, Jerry was contentious in tone, after asking me "why I felt like my job was in jeopardy when there's nothing in my file to support that. Once he realized that I was concerned that the focal point was on my performance history rather than the actual physical assault, Jerry elected to conclude the call and let the investigation be concluded before I hear back from a different HR Manager Matthew Rimi. Basically, letting me know that he was done communicating with me.

I never heard back from anyone at corporate HR, only a brief meeting with local HR representative Alayna Dario, who told me the company didn't view the incident as an assault or sexual harassment. This has also left me feeling totally dejected and vulnerable to retaliation, to know that the company feels that it's ok to allow a manager to touch employees inappropriately and use intimidation tactics to threaten employees.

Since making the initial complaint, JJ Jenkins has only spoken to me a few times and leaves the area when I approach or gives me nasty looks to intimidate me. I have been harassed and retaliated against by my boss Shane Davis, who has repeatedly insinuated that I'm not doing my job about things that were all acceptable prior to my complaint, like dock checks, staff responsibilities that were not relevant before. I'd also like to add that no other manager is being held accountable to dock checks, dock cleanliness, or yard checks. Only my employee reports are being scrutinized and asked to be verified, including that of a supervisor that starts 2 hours after my start time, I'm being told to wait until his dock check (which is intended to be completed at the end of the shift) is completed to verify that it was done correctly.

On September 13, 2024, Shane Davis instructed me to input false information about Dedrick Carter regarding a call off. This is common practice with Shane doing things which are unethical. Dedrick failed to report to work that day and called back over 3 hours after his start time and after I called to check on his status (I received no answer on my initial call). Later that morning, I was called into a meeting with Shane Davis and Alayna Durio about me not reporting to work on a Saturday which I was told to report to, but never told it was mandatory. I did not report after simply forgetting it my turn to report that weekend after working my normally scheduled work week. The meeting was very

short, but disciplinary in tone, and all that was asked of me was "what would you do if a supervisor failed to show up for work?" I responded with "I would call the employee to check on them and find out why they had not reported to work yet. Is the Saturday shift being treated as a normal workday?" Shane replied "Yes and No." And I was allowed to leave the office after saying I had nothing more to say. Later I returned to Alayna's office and asked if that meeting would be elevated to disciplinary action or feedback, to which she responded, "I can tell you it's not over. I'll submit the notes to corporate and legal, and they'll let me know how we will proceed." I then remarked that attendance is being treated differently depending on the employee and recalled Shane telling me to input false information about Dedrick (which is also an integrity concern). She replied that she doesn't know why he chose to say that. Later, she came to the dock and pulled me to the side to instruct me to issue Dedrick a Final EPR for No-call, no-show.

This follows a situation a few months ago that supervisor Mourice Williams was arrested and did not call in for three days since he was incarcerated which according to policy he should have been discharged however since he is related to JJ Jenkins through marriage he was only placed on Final. I referenced that because the rules are altered as desired by management based on personal relationships.

JJ Jenkins and Shane have since continued to harass through email and insinuate that I'm not doing my job. For example, there are multiple accounts of double standards with the way managers are held accountable for the same failures. I have multiple emails regarding service failures, guarantee failures, and missed reweighs that are directed at me from an accountability standpoint, that the Outbound manager Joseph Zoldey is not being faced with.

Therefore, I believe this is intentional and retaliation, for the purpose of trying to discipline me for not coming in on a Saturday that was not a mandatory scheduled workday, and retaliatory after my initial report filed against Service Center Manager Julius Jenkins.

**UPDATED*****

On 10/4/24, I issued my employee Jevonte Smith a written EPR for his fourth attendance infraction, which was later denied by Manager JJ Jenkins. I was told to issue him feedback instead. Later that same day, I was formally issued a written EPR for missing the Saturday audit (that was not stressed as mandatory), even though I had no previous attendance infractions leading up to this day. My situation should've been approached with feedback entered as well.

On 10/31/24, I was issued a second written EPR for failure to follow instructions, after I was told authorized to terminate employee Jevonte Smith, and because it wasn't done correctly, I was issued a second written. I was not given clear instructions on how to properly discharge an employee, there's no written guideline on how to perform a discharge, and instead of following the Feedback or coaching protocol, I was issued a Written. I called in to the open-door hotline to report this incident as targeting and harassment, and a decision was made by corporate on 11/7/24, supporting the disciplinary action, via Tamika McCarty. After this incident, on or around 11/6/24 one of my employees Daniel Pecina, was issued a written EPR for failure to sweep out a trailer, this was later retracted by HR after they realized he hadn't been given any coaching that was reflected in his Feedback. So clearly there are different accountability standards for different people, and I think I've established a clear pattern of discrimination in this regard.

**Brandon Johnson**

SVC Manager - Operations

Location: HOU

Office: (281) 449-0408

**From:** odfl@myworkday.com
**Date:** February 22, 2025 at 2:07:39 PM CST
**To:** brandon_charles88@yahoo.com
**Subject: End of Employment Notice**
**Reply-To:** no-reply@workday.com

---

HELPING THE WORLD KEEP PROMISES.

Dear Brandon Johnson :

Please note that your employment with Old Dominion Freight Line, Inc. ("Company") ended on 02/21/2025 .

In addition, your participation in all employee benefits plans, including the Company's health insurance plans ended on 02/21/2025 . Under separate cover, you will receive, by US mail, additional information about your rights, if any, to continue your participation in the Company's health insurance.

Please click on the link below to log in to your Workday account.

https://wd1.myworkday.com/wday/authgwy/odfl/login.htmld?redirect=n

Click the "Forgot Password?" to reset password.

We wish you well in your future endeavors.

This email was intended for brandon_charles88@yahoo.com · Manage Preferences

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

☐ FEPA

☒ EEOC

**Texas Workforce Commission, Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Brandon Johnson** | **(469) 733-7556** | **04/14/1988** |

Street Address City, State and ZIP Code

**7419 Misty Morning Dr, Humble, TX 77346**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Old Dominion Freight Line** | **15+** | **(281) 449-0408** |

Street Address City, State and ZIP Code

**2755 Aldine Bender Rd, Houston, TX 77032**

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☒ OTHER *Sexual Harassment*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest Latest

**Continuing**

☒ CONTINUING ACTION

**Statement of Harm:**

In or around July 2024, Julias (Service Center Manager) engaged in egregious and inappropriate conduct, including physically touching me in a sexual and aggressive manner. While demonstrating how employees must "*pick up and clean off*" others, Julias rubbed my shoulder, chest, and back, making unwelcome contact with my body. He further invaded my personal space by standing inches from my face and bumping into my chest. This behavior made me deeply uncomfortable and created a hostile work environment.

Despite reporting the harassment to Trey (Human Resources) and escalating the matter to senior leadership, including Marty (CEO), Johnny (Regional VP), and corporate Human Resources, no meaningful action was taken. Instead, Old Dominion dismissed my claims without addressing the inappropriate conduct or taking steps to protect me from further harassment.

Following my complaint, Julias retaliated against me by issuing unwarranted disciplinary actions and undermining my role. For example, in or around September 2024, I was written up for allegedly failing to attend a weekend shift, despite no clear communication that the shift was mandatory. Similarly, in or around October 2024, I was written up for "failure to follow instructions" during an employee discharge.

***Continued on Page 2***

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

01/01/2025

*Date* *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA ☒ EEOC

Agency(ies) Charge No(s):

**Texas Workforce Commission, Civil Rights Division** and EEOC

*State or local Agency, if any*

***Continued from Page 1***

Both write-ups bypassed the company's progressive discipline policy, which requires feedback and verbal warnings before written reprimands. These actions were a transparent attempt by Julias to create a pretext for terminating me in retaliation for reporting the harassment.

From February 20, 2024, to April 14, 2024, I took medical leave for the birth of my child. While I encountered no issues securing the leave, upon my return, I faced harassment and retaliatory remarks from my supervisor team, including Julias and Assistant Manager Shane Davis. Julias remarked, "*What type of manager does not check in on his crew, even if he is on leave?*" These comments were designed to undermine my right to take protected leave and to create a hostile environment upon my return.

The discriminatory and retaliatory treatment escalated following my leave, with Julias subjecting me to heightened scrutiny, unwarranted write-ups, and physical harassment. Old Dominion's failure to address Julias's misconduct, despite a documented history of inappropriate behavior, exacerbated the hostile work environment for me.

Witnesses, including Raphael, corroborated Julias's inappropriate actions, yet the company dismissed my claims without conducting a thorough and impartial investigation. Instead of protecting me, Old Dominion allowed Julias to continue harassing and retaliating against me, ultimately jeopardizing my job and mental well-being. I continue to work in such a hostile environment.

**Statement of Discrimination:**

I was discriminated against and retaliated against for exercising my protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., and the Labor Code Chapter 21 §21.051 *et. seq*., because of my sex.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

01/01/2025

*Date* *Charging Party Signature*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Johnson, Brandon C.

**(b)** County of Residence of First Listed Plaintiff Harris County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Old Dominion Freight Line, Inc.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 2000e (Title VII)

Brief description of cause:
Employment Discrimination, Hostile Work Environment, Retaliation, and Wrongful Termination under Title VII

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000 Compensatory damages, p

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE 5/28/26

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Print | Save As... | Reset