IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON C. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-04243 |
| | § | |
| OLD DOMINION FREIGHT LINE, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Old Dominion Freight Line, Inc. ("Old Dominion"/"Defendant") files its Answer, Defenses, and Affirmative Defenses (collectively, "Answer") to the Original Complaint [Dkt. 1] ("Complaint") filed by Brandon C. Johnson ("Johnson"/"Plaintiff") and shows as follows:

## LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies every factual allegation in the Complaint except those expressly admitted in this Answer.

## ANSWER TO PLAINTIFF'S ALLEGATIONS

Defendant specifically responds to Plaintiff's factual allegations in the Complaint as follows, corresponding numerically to the Complaint's numbered paragraphs and/or headings:

### I. INTRODUCTION

1. This paragraph contains no factual allegations to which Defendant must respond. To the extent a response is required, Defendant acknowledges the claims Plaintiff brings in the Complaint, but denies that it violated any law, including without limitation Title VII of the Civil Rights Act of 1964 ("Title VII"). Defendant denies any remaining factual allegations in this paragraph.

2. This paragraph contains no factual allegations to which Defendant must respond. To the extent a response is required, Defendant acknowledges Plaintiff's requested relief, but denies that he is entitled to the requested relief. Defendant denies any remaining factual allegations in this paragraph.

## II. JURISDICTION AND VENUE

3. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant asserts that this Court's jurisdiction is proper. Defendant does not dispute this Court's jurisdiction over Plaintiff's claims. Defendant denies any remaining factual allegations in this paragraph.

4. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff was employed by Defendant in Houston, Texas. Defendant does not dispute that this Court is a proper venue. Defendant denies any remaining factual allegations in this paragraph.

## III. PARTIES

5. After a reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in this paragraph. If a response is required, Defendant denies the factual allegations in this paragraph.

6. Defendant admits the factual allegations in this paragraph.

7. Defendant admits the factual allegations in this paragraph.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Defendant admits the factual allegations contained in this paragraph.

9. Defendant admits that the Equal Employment Opportunity Commission ("EEOC") issued a Determination and Notice of Rights. After a reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual

allegations in this paragraph. If a response is required, Defendant denies any remaining factual allegations in this paragraph.

10. After a reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph. If a response is required, Defendant denies the factual allegations in this paragraph.

## V. FACTUAL ALLEGATIONS

11. Defendant admits that it employed Plaintiff, but denies the remaining factual allegations in this paragraph.

12. Defendant denies the factual allegations in this paragraph.

13. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

14. Defendant denies the factual allegations in this paragraph.

15. This asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

16. Defendant admits that Plaintiff made internal complaints during employment, but denies the remaining factual allegations in this paragraph.

17. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

18. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

19. Defendant admits that it issued Plaintiff a written notice related to work attendance, but denies the remaining factual allegations in this paragraph.

20. Defendant admits the factual allegations in this paragraph.

21. Defendant denies the factual allegations in this paragraph.

22. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

23. Defendant admits that on or about February 23, 2024 to April 8, 2024, Plaintiff took leave for the birth of his child. Defendant denies the remaining factual allegations in this paragraph.

24. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

25. Defendant denies the factual allegations in this paragraph.

26. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

27. After a reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this paragraph. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

28. Defendant acknowledges the existence of Exhibit B, but denies all factual allegations contained in Exhibit B.

29. Defendant admits that Plaintiff's employment ended on or about February 21, 2025, but denies the remaining factual allegations in this paragraph.

30. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

## VI. CAUSES OF ACTION

COUNT I — SEX-BASED HARASSMENT / HOSTILE WORK ENVIRONMENT

31. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth in this section.

32. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

33. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

34. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

COUNT II — DISCRIMINATION

35. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth in this section.

36. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

37. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

COUNT III — RETALIATION AND RETALIATORY DISCHARGE

38. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth in this section.

39. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

40. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

41. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

42. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

43. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

COUNT IV — DISCRIMINATORY AND/OR RETALIATORY TERMINATION

44. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth in this section.

45. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

46. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

47. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

## VII. DAMAGES

48. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

49. This paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the factual allegations in this paragraph.

VIII. PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in this un-numbered section.

IX. JURY DEMAND

Defendant acknowledges Plaintiff's request for a jury trial as noted in this un-numbered section.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses and affirmative defenses to some or all of Plaintiff's claims and/or damages requests, each in the alternative and to the extent necessary and applicable. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue on which applicable law places the burden of proof on Plaintiff.

1. The Complaint fails, in whole or in part, to state a legally and/or factually cognizable claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent they exceed the scope and investigation of any administrative charge.

3. Any actions taken by Defendant with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory reasons and were unrelated to any actions by Plaintiff that give rise to the applicability of Title VII or any other law.

4. Defendant denies any unlawful conduct with respect to Plaintiff. Without admitting any wrongful conduct by Defendant or any of its agents or representatives, in the event that the Court concludes that a protected factor or activity motivated or partially motivated any decision challenged by Plaintiff—which Defendant expressly denies—Defendant affirmatively states that it would have made the same decision even absent such protected factor or activity.

5. Without admitting any wrongful conduct by Defendant or any of its agents or representatives, Plaintiff's claims and/or damages may be limited and/or barred by the after-acquired evidence rule.

6. Defendant made good faith efforts to prevent workplace discrimination, harassment, and retaliation and to comply with all applicable federal, state, and local laws. All Defendant's acts or omissions affecting Plaintiff were in good faith with reasonable grounds for believing it complied with law.

7. Defendant exercised reasonable care to prevent any alleged discrimination, harassment, or retaliation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

8. All employment decisions regarding Plaintiff were based on standards, qualifications, and/or criteria that are job-related and consistent with business necessity.

9. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in by Plaintiff and any damages which Plaintiff allegedly suffered.

10. Some or all of Plaintiff's claims or damages may be barred by his failure to use reasonable measures to mitigate his damages.

11. Plaintiff's claims and damage requests are subject to offset for any interim earnings, benefits, or compensation received.

12. To the extent any of Defendant's employees took actions in violation of any law, which Defendant denies, Defendant asserts that it did not direct, authorize, or ratify these actions which were outside of the course and scope of the employees' actions.

13. To the extent applicable, the relief sought by Plaintiff is barred, in whole or in part, by the doctrines of waiver, estoppel, justification, and/or unclean hands.

14. Any alleged damages incurred by Plaintiff resulted from his own conduct, acts, omissions, negligence, or fault, and/or the conduct, acts, omissions, negligence, or fault of a third party, and were not caused by or attributable to Defendant.

15. Some or all of Plaintiff's claims and requested damages may be barred by the exclusivity provisions of the Texas Workers' Compensation Act.

16. Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees or otherwise, are subject to all statutory exclusions and limitations.

17. The damages suffered by Plaintiff, if any, are speculative.

18. An award of punitive damages in this case would violate the Constitution of the United States of America and the Constitution of Texas.

19. Plaintiff must elect his remedies.

20. To the extent that Plaintiff seeks equitable recovery, such claims are not appropriately tried to a jury.

21. Defendant claims its entitlement to recover attorneys' fees and costs of suit.

Defendant expressly reserves its right to amend this Answer, including its defenses, as discovery progresses, and to file any cross-claim or third-party demand it deems appropriate.

## **REQUEST FOR RELIEF**

Based on the above, Defendant requests that Plaintiff take nothing by his suit and that the Court grant it such additional and further relief to which it may show itself to be entitled. Defendant respectfully requests that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice to re-filing. Defendant further seeks any other or additional relief, including attorneys' fees where applicable, to which it shows itself to be justly entitled.

Dated: August 31, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

By: *<u>/s/ Pamela B. Linberg</u>*
Pamela B. Linberg, Attorney-in-Charge
S.D. Texas Bar No. 23981
Texas Bar No. 00793299
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Facsimile: (713) 650-0405
Email: Pamela.Linberg@jacksonlewis.com

Maikieta Antionette Jones
S.D. Texas Bar No. 34581
Texas Bar No. 24133611
91 Red River Street, ,Suite 1150
Austin, Texas 78701
Telephone: (512) 362-7100
Facsimile: (512) 362-5574
Email: Mai.Jones@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that I filed a true and correct copy of *Defendant's Answer, Defenses, and Affirmative Defenses to Plaintiff's Original Complaint and Jury Demand* on August 31, 2026, in accordance with the protocols for e-filing through the CM/ECF system, and a copy has been served upon all parties in accordance with the Federal Rules of Civil Procedure as well as by First Class United States Mail, Return Receipt Requested and electronic mail to:

Brandon C. Johnson, *Pro Se Plaintiff*
7419 Misty Morning Drive
Humble, Texas 77346
Email: Brandon_charles88@yahoo.com

*<u>/s/ Pamela B. Linberg</u>*
Pamela B. Linberg